*1041 OPINION.
Green:
We are satisfied from the evidence that the petitioner was paid no salary by the Burkburnett Oil Co. in 1919 or in 1920 and that the amounts paid to him by that company were reimbursements for expenditures made by him for the company. Such amounts were improperly included in income.
The evidence introduced to establish the loss alleged to have been sustained on the Burkburnett Oil Co. stock is very unsatisfactory and confusing. Undoubtedly a loss was sustained. No records of the cost of this stock were produced at the hearing. Haney testified that he paid at least par for the stock. He likewise testified that he had invested from $4,000 to $5,000 in this acquisition. It also appears that he made gifts of a part of this stock to members of his family. We are thus in the situation of knowing that the petitioner acquired stock without knowing either the cost per. share or the total purchase price and that he gave a part of it to members of his family without knowing the number of shares thus disposed of. Under such circumstances we can not determine the loss, if any, to him or his wife, and, therefore, affirm the' Commissioner on this point.
The evidence with reference to the sale of the assets of the News Tribune Publishing Co. is equally confusing. The petitioner produced no records to confirm his testimony as to the cost of the assets transferred to the corporation. He testified that it was a partnership but did not state his proportionate interest therein and claims to have advanced some $6,000 to the corporation at some time not disclosed. It appears that his wife and children <?wn some of this stock but the amount of their holdings can not be determined. We can not determine the amount of cash over and above the indebtedness received by the corporation. The only thing established by the evidence is that the $10,000 cash payment which the revenue agent included in the income of the petitioners was not in fact paid to them, and we conclude that the petitioners’ income from this transaction should be reduced by the amount of $10,000, it being apparent that this amount was included in the amounts distributed by the cor *1042 poration in liquidation. We must approve the Commissioner’s determination of income from this transaction in all other respects.
The Commissioner added to income substantial amounts which he found to have been deposited by the petitioner in his bank account. A large part of those amounts was money which was received by the petitioner in the course of handling business for others and was not income, but the evidence is wholly insufficient to enable us to determine what amounts should not have been included in income, and we therefore affirm the Commissioner as to this point.
Judgment will be entered after 16 days’ notice, under Rule 50.